IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAKENYA RILEY                                                                    PLAINTIFF

v.                                    Cause  No. 1:14-cv-01016

EL DORADO SCHOOL BOARD ET AL.                                       DEFENDANTS

REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendants' Motion for Sanctions.  ECF Nos. 27, 30.  Plaintiff has responded to these Motions. ECF No. 43.  The Court held a hearing to address these Motions on March 18, 2015.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred these Motions to the Court for the purpose of making a report and recommendation.  In accordance with that referral, the Court recommends these Motions be **GRANTED**, and Plaintiff should either be sanctioned and her claims dismissed or alternatively ordered to pay costs and fees.

1.    **Background:**

On March 18, 2014, Plaintiff filed her *pro se* Complaint in this action.  ECF No. 1.  In her Complaint, Plaintiff requests "declaratory and injunctive relief for race discrimination, retaliation, disproportionate punishment, and conspiracy to discharge pursuant to Section 407, 703, and 704 of the Civil Rights Act of 1964."  *Id.* at 1.  Plaintiff is an African-American female teacher who was employed by the El Dorado Public School District from 2008 until 2013.  *Id.* at 4.  On March 12, 2013, Plaintiff was terminated from that position.  *Id.*  Plaintiff claims the termination was unlawful. *Id.*

The timeline of this case is relevant for purposes of these Motions.  As noted above, Plaintiff

1

filed her Complaint on March 18, 2014.  ECF No. 1.  Defendants answered in May of 2014.  ECF Nos. 10-11.  The Parties then began discovery.  Approximately seven months later, Plaintiff moved to reset all of the deadlines in this action.  ECF No. 19.  Plaintiff requested an extension of ninety (90) days for all deadlines.  *Id.*

The Court granted Plaintiff's request in part and extended the discovery deadline from February 8, 2015 until March 6, 2015.  ECF No. 21.  Plaintiff was also given until January 9, 2015 to provide initial disclosures and to respond to Defendants' discovery requests.  Importantly, in that order, the Court also stated: "**Plaintiff is advised that failure to comply with the foregoing discovery deadlines may result in dismissal of this case for failure to follow the Orders of the court.**"  ECF No. 21 (emphasis in the original Order).

Thereafter, nothing was filed in this Court for over two months as the Parties continued attempts at discovery.  On March 4, 2015, Defendants filed the Motion for Sanctions currently before the Court; and on March 9, 2015, Defendant Kevin Holt joined in this Motion.  ECF Nos. 27, 30. With these Motions, Defendants request Plaintiff be sanctioned for her failure to prosecute this action, failure to respond to discovery requests, failure to provide initial disclosures, and failure to appear at her own deposition.  *Id.*

On March 18, 2015, Plaintiff responded to this Motion.  ECF No. 43.  In her response, Plaintiff claims she has complied with the Court's order and has "provided the Defendants with Initial Disclosures, answers to Interrogatories and Requests, objections, reasons for objection, and supplemented where appropriate thereafter."  *Id.* ¶¶ 4-5.  Plaintiff also argues her failure to attend her own deposition was justified.  *Id.* ¶ 6.

**2.**   **Applicable Law:**

The Court may order sanctions if a party fails, after being served with proper notice, to appear

for that party's deposition. FED. R. CIV. P. 37(d)(1)(A)(i). Sanctions may include, among other things, striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action or proceeding in whole or in part, rendering a default judgment against the disobedient party. FED. R. CIV. P. 37(b)(2)(A). Furthermore, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

"Under Rule 37 of the Federal Rules of Civil Procedure, the district court [has] the power to terminate . . . litigation for flagrant abuse of the discovery process." *Lindstedt v. City of Granby*, 238 F.3d 933, 936 (8th Cir. 2000). *See also 7 Moore's Federal Practice* (3d. ed.) § 37.90 ("Rule 37(d) makes it abundantly clear that a party properly served has an absolute duty to respond in some fashion and that the court in which the action is pending may enforce this obligation by imposing potentially severe sanctions. In short, the purpose of Rule 37(d) is to authorize courts to directly punish the most blatant forms of discovery noncompliance, and to deter such conduct in the future").

### 3.   <u>Discussion</u>:

Plaintiff has repeatedly failed to cooperate with Defendants throughout the discovery process. The Court will consider: (A) Plaintiff's failure to attend her own deposition; (B) Plaintiff's failure to respond to written discovery; and (C) Plaintiff's status as a *pro se* litigant.

#### A.   **Failure to Attend Her Own Deposition**

In the present action, it is undisputed Plaintiff failed to attend her own deposition. By way of background, Defendants attempted to schedule Plaintiff's deposition for at least three months (from November of 2014 until February of 2015). Plaintiff does not dispute this fact. Instead of

assisting them in their efforts, Plaintiff has repeatedly delayed and stalled their attempts to take her deposition.[1]

The discovery deadline in this case was March 6, 2015.  Defendants began efforts to schedule Plaintiff's deposition on November 13, 2014.   Defendant requested, in writing, Plaintiff provide several dates convenient for her to be deposed.  Plaintiff never responded.  On December 19, 2014, Defendants again requested, in writing, Plaintiff give dates and times to be deposed.  She again failed to respond.  On February 4, 2015, Defendants, in writing, notified Plaintiff they desired to take her deposition on either February 19, 20, or 23.  Plaintiff again did not respond.

On February 17, 2015, Defendants noticed her for a deposition on February 24, 2015 at the Union County Courthouse.  The day before the scheduled deposition, Plaintiff contacted Defendants by letter stating she would not attend the deposition, and requesting additional dates.   Defendants' counsel then contacted Plaintiff by phone and she informed him she had other commitments and would not attend the deposition.  Plaintiff refused to commit to any future date for the deposition. Defense counsel suggested February 27, 2015 as a date and Plaintiff told him she would "get back to him" about that date.  Plaintiff never contacted defense counsel about the acceptability of the February 27 date.  The foregoing efforts are set out in the transcript of a statement by Defendants' counsel made at the unsuccessful deposition of Plaintiff on February 27, 2015.  ECF No. 27-10.

Defense counsel then noticed the deposition for February 27, 2015.[2]   Despite this notice,

---

[1] During the hearing in this matter, Plaintiff acknowledged she was intentionally delaying the deposition because she wanted to have discovery responses from Defendants *before* her deposition since her deposition was her one opportunity to tell her story.

[2]The notice of deposition must "give reasonable written notice."  FED. R. CIV. P. 30(b)(1).  Under these facts and because Plaintiff and Defendants had been engaged in ongoing scheduling discussions, this notice was reasonable.

Plaintiff did not attend her deposition.  Instead, Plaintiff sent a fax and a letter to Defendants after 9:00 PM on February 26, 2015 stating she would not attend her deposition.  Defense counsel did not receive this fax until *after* the scheduled deposition on February 27, 2015.  By that point, the court reporter and counsel for Defendants had already traveled to El Dorado for the scheduled deposition.  Thus, both counsel for Defendants and the court reporter incurred unnecessary travel expenses and wasted time.

Plaintiff claims she could not attend her deposition because she had a behavior meeting at her child's school.  Further, at the hearing on this matter, Plaintiff claimed an automobile accident prior to the deposition caused her to be unable to attend.  She offered as proof of the accident an insurance claims estimate form.  This insurance estimate form shows an accident date of February 28, 2015, the day following the scheduled deposition.

In short, Plaintiff has made no effort to accommodate several very reasonable requests to schedule her own deposition.  Quite the opposite in fact, she appears to have actively attempted to prevent Defendants from engaging in this discovery.

**B.      Failure to Respond to Written Discovery**

In this case, it is also apparent that Plaintiff has not fully responded to Defendants' written discovery requests.  Although Plaintiff claims she has fully complied, the Court has reviewed Plaintiff's discovery responses and initial disclosures and finds they are deficient.  For instance, the only documentation Plaintiff has provided in response to Defendants' requests for production is her résumé.  Plaintiff has not identified one person with relevant knowledge of the facts in this case, Plaintiff claims she has possession of a "video recording" relevant to her case but has not supplied it to Defendants, and Plaintiff has not responded to Defendants' questions on damages (including

whether she attempted to find employment after she fired).  *See* ECF No. 24-1.  After reviewing these facts, the Court finds Plaintiff's claim that she fully complied with her discovery obligations is entirely disingenuous.

Plaintiff's failure to respond to these discovery requests is even more egregious because Defendants have given her every opportunity to provide her discovery responses.  Indeed, after the Court's order in December of 2014, Defendants wrote a letter to Plaintiff which, in detail, outlined the responses requested.  ECF No. 24-2.  Plaintiff did not comply with Defendants' request and more importantly disregarded this Court's Order of December 19, 2014.

### C.      Plaintiff's Status as a *Pro Se* Litigant

As an initial matter, the Court recognizes that as a *pro se* litigant, Plaintiff is charged with following the rules of the Court.  *See Lindstedt,* 238 F.3d at 937 (recognizing a "*pro se* litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").

Unlike the typical *pro se* litigant who has no experience in civil litigation, Plaintiff has fairly extensive experience in lawsuits.  On Plaintiff's résumé, she states that from January of 2006 to the present, she has performed "independent legal research."  ECF No. 24-1.  She claims that includes "[r]esearch various legal issues and laws pertaining to specific situations for various attorneys in the Arkansas and Louisiana areas."  *Id.*  Based upon her very limited discovery responses, it also appears Plaintiff has been involved in at least six other lawsuits.  *See* ECF No. 24-1 at 5.  In those cases, it appears Plaintiff was the named plaintiff in at least two of those lawsuits.  Accordingly, Plaintiff has some experience in the legal field and is not a traditional *pro se* Plaintiff.

Thus, based upon the finding Plaintiff has actively and intentionally sought to thwart the

6

discovery process, and because Plaintiff has failed to comply with the Court's order from December 19, 2014, failed to attend her own deposition, failed to provide responses to Defendants' discovery requests, failed to supply her initial disclosures, and failed to prosecute this action, the Court recommends Plaintiff be sanctioned with either:

> 1. Dismissal of her action with prejudice (*See* FED. R. CIV. P. 41(b)) for failure to follow the orders of the Court; Dismissal of her action with prejudice (*See* FED. R. CIV. P. 37(d)(1)(A)(i)) for failure to appear, without just cause, at her own deposition after proper notice.
>
> or
>
> 2. Monetary sanctions in the amount of $1,777.91 which was the cost to Defendants for her failure to attend her own deposition.  *See* FED. R. CIV. P. 37(d)(1)(A)(I)); ECF No. 46.  Further, if the Court orders this sanction rather than Dismissal, I further recommend Defendant's be allowed to complete all discovery previously attempted prior to any trial.

**4.**    **Conclusion:**

Based upon the foregoing, the Court recommends Defendants' Motions for Sanctions (ECF Nos. 27, 30) be **GRANTED**, and Plaintiff should either be sanctioned with either dismissal of this action or as otherwise set out above.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **20th day of March 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE